USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/7/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZODIAC MARITIME AGENCIES LTD.,

        Plaintiff,     08 Civ. 10913 (RMB)

 -against-         **ORDER**

FORTESCUE METALS GROUP LTD.,

        Defendant.
-----------------------------------------------------------x

## I. Background

By Order dated May 15, 2009 ("Order"), the Court granted in part and denied in part an application to amend a writ of maritime attachment, dated December 17, 2008, filed by Plaintiff Zodiac Maritime Agencies Ltd. ("Zodiac"). In the Order, the Court ruled, among other things, that while "[t]he additional claims against [Fortescue Metals Group Ltd. ("FMG")] in the Amended Complaint may be submitted . . . because they arose out of the conduct, transaction, or occurrence set out . . . in the original [Complaint]," Zodiac is "not entitled to an amended writ of maritime attachment against [FMG Resources (August 2006) Pty Ltd. ("FMG Resources")]" because "FMG Resources was clearly found within the District for the purposes of [Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B")] at the time Zodiac moved to add FMG Resources as a defendant." (Order at 4, 5 (internal citations and quotations omitted).)

On or about May 19, 2009, pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Local Civil Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York, Zodiac moved for reconsideration of the Order insofar as it denied Zodiac's application against FMG Resources, arguing, among other things, that: (i) "the

Order did not address Zodiac's request for an Order of Attachment against FMG reaching property transferred in the name of . . . FMG Resources to the extent of FMG's interest therein based on alter ego allegations contained in [Zodiac's] Amended Verified Complaint," and (ii) two applicable cases, Hamjin Overseas Bulk, Ltd. v CPM Corp. Ltd., No. 08 Civ. 9516, 2008 U.S. Dist. LEXIS 106197 (S.D.N.Y. Dec. 22, 2008), and Phoenix Bulk Carriers Ltd. v. Unicarbon Ltd., No. 07 Civ. 10404, 2008 U.S. Dist. LEXIS 106553 (S.D.N.Y. Feb. 13, 2008), "are nowhere addressed in [the Order]." (Zodiac's Ltr. Reply to FMG's Mem. in Opp'n to Zodiac's App. for Recons. and in Opp'n to FMG's Mot. for Recons., dated June 3, 2009 ("Zodiac Reply"), at 1–2; see also Zodiac's Am. Verified Compl. ("Am. Compl.") ¶¶ 40–49, 53; Reply Mem. of Law in Supp. of Pl.'s Application for an Am. Order of Maritime Attachment, dated March 11, 2009 ("March 11 Memo"), at 6–7; Pl. Ltr. Mot. for Recons., dated May 19, 2009 ("Zodiac Mot."), at 2.)

On May 26, 2009, FMG filed an opposition arguing, among other things, that: (i) "this Court correctly determined that FMG Resources cannot be added as a defendant to this Rule B litigation case" and (ii) the cases cited by Zodiac in its motion for reconsideration "were not overlooked by the Court, and cannot reasonably be expected to alter the Court's [Order]." (FMG Mem. in Opp'n to Pl.'s Ltr. Mot. to Recons., dated May 26, 2009 ("FMG Opp'n"), at 3, 4.) FGM also filed a cross-motion for reconsideration, arguing, among other things, that Zodiac should not have been allowed to amend its complaint and that the Court "overlooked the factual differences between [Zodiac's] claims in [its Original Complaint] and [Amended Complaint], and the controlling case law concerning the 'relation back' doctrine." (FMG Opp'n at 6.)

In response to FMG's cross-motion for reconsideration, Zodiac countered, arguing, among other things, that "FMG's motion for reconsideration . . . is no more than a repetition of the arguments advanced in its original memorandum in opposition to the amended attachment." (Zodiac Reply at 4.)

**For the reasons set forth below, both motions for reconsideration are denied.**

## II.    Legal Standard

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Glory Wealth Shipping Serv. v. Five Ocean Corp., 571 F. Supp. 2d 542, 544 (S.D.N.Y. 2008) (internal quotation omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Ocean Star Mar. Co. v. Pac Asia Mineral & Mgmt. Corp., No. 09 Civ. 5318, 2009 U.S. Dist. LEXIS 70879 at *3–4 (S.D.N.Y. Aug. 12, 2009). "[A] motion for reconsideration is 'not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion.'" Eon Labs, Inc. v. Pfizer Inc., 05 Civ. 0002, 2005 WL 2848952, at *3 (S.D.N.Y. Oct. 28, 2005) (quoting USA Certified Merchs., LLC v. Koebel, 273 F. Supp. 2d 501, 502–04 (S.D.N.Y. 2003)); see also Fed. R. Civ. P. 59(e). "[A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" Dellefave v. Access Tech., No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

### III. Analysis

#### (1) Zodiac's Motion for Reconsideration

Zodiac has failed to identify any "controlling decisions or data" that this Court overlooked and/or that might reasonably have altered the Order. Shrader, 70 F.3d at 257; Dellefave, 2001 WL 286771, at *1.

"The language of Supplemental Rule B clearly anticipates that only a 'defendant' will be subject to an order of attachment." DS Bulk Pte. Ltd. v. Calder Seacarrier Corp., No. 05 Civ. 10146, 2006 WL 1643110, at *2 (S.D.N.Y. June 13, 2006); see also Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 269 (2d Cir. 2002) ("In attachment and garnishment proceedings the persons whose interests will be affected by the judgment are identified by the complaint."); (see also Order at 5 ("FMG Resources was clearly 'found within the District'")); see also Hanjin 2008 U.S. Dist. LEXIS 106197, at *4 ("[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show . . . [that] the defendant cannot be found within the district."); Phoenix Bulk, 2008 U.S. Dist. LEXIS 106553, at *2 (plaintiff seeking attachment must "[satisfy] the requirements of Rule[] B[.]").

#### (2) FMG's Motion for Reconsideration

FMG's cross-motion for reconsideration similarly points to no controlling decisions or data that this Court overlooked. See Shrader, 70 F.3d at 257; (see also FMG Opp'n at 6–8; Mem. of Law in Opp'n to Pl. Mot. to Amend its Verified Compl., dated Mar. 4, 2009 ("FMG Mar. 4 Opp'n"), at 7–9); Eon Labs, 2005 WL 2848952, at *3 (denying [p]laintiff's motion for

reconsideration where "[p]laintiff merely restates arguments considered and rejected on . . . prior motion").

## IV. Conclusion and Order

For the reasons set forth herein and in the Order, dated May 15, 2009, Zodiac's [#12] and FMG's [#14] motions for reconsideration are denied.

The parties are directed to appear at a status conference (regarding the London proceedings, attachment, etc.) with the Court on October 19, 2009 at 10:30 a.m. in Courtroom 21B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007.

Dated: New York, New York
       October 7, 2009

*RMB*

**RICHARD M. BERMAN, U.S.D.J.**